UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRS CAPSTONE PARTNERS LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. _____ |
| ALL IN BEHAVORIAL HEALTH LLC, and JANES WAY LLC, | ) |
| Defendants. | ) |

## COMPLAINT

CRS Capstone Partners LLC (the "Company") by way of complaint against All In Behavioral Health LLC ("AIBH") and Janes Way LLC ("Janes Way," and together with AIBH, the "Defendants"), hereby alleges as follows:

### *Parties*

1. The Company is a limited liability company formed under the laws of the State of Delaware with a place of business located at 176 Federal Street, Boston, Massachusetts 02110. The members of the Company are citizens of the State of Delaware and the Commonwealth of Massachusetts.

2. AIBH is a limited liability company formed under the laws of the State of Florida with a place of business located at 4875 Park Ridge Boulevard, Suite 103, Boynton Beach, Florida 33426. Upon information and belief, no member of AIBH is a citizen of either the State of Delaware or the Commonwealth of Massachusetts. AIBH is an affiliate of Janes Way, as the term affiliate is defined by applicable state and/or federal law.

1

3. Janes Way is a limited liability company formed under the laws of the State of Florida with a place of business located at 4875 Park Ridge Boulevard, Suite 103, Boynton Beach, Florida 33426. Upon information and belief, no member of Janes Way is a citizen of either the State of Delaware or the Commonwealth of Massachusetts. Janes Way is an affiliate of AIBH, as the term affiliate is defined by applicable state and/or federal law.

### *Jurisdiction and Venue*

4. The amount in controversy in this civil action exceeds the sum or value of $75,000.00, exclusive of interest and costs. This civil action is between citizens of different states, *to wit*, there is complete diversity of citizenship among the Company and its members and the Defendants and their members. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a).

5. The Company and the Defendants are parties to a certain *Transaction Engagement Agreement* dated April 5, 2018 (the "Agreement") governed by the laws of the Commonwealth of Massachusetts. By the Agreement, the Defendants irrevocably and unconditionally (a) consented to the exclusive jurisdiction of the United States District Court for the District of Massachusetts located in Boston, Massachusetts, and (b) waived any objection to the laying of venue of any lawsuit, action, or other proceeding arising out of or related to the Agreement in the United States District Court for the District of Massachusetts located in Boston, Massachusetts.

6. The claims asserted herein arise out of, and relate to the Agreement.

7. By the Agreement, the Defendants consented to this Court's exercise of personal jurisdiction over them.

8. By the Agreement, the Defendants consented to venue in this judicial district.

9. For the purposes of venue, the Defendants reside in the Commonwealth of Massachusetts. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

### *Allegations Applicable to All Counts*

10. The Company is in the business of providing financial, operational, managerial, and transactional advisory services to middle market companies across the United States.

11. The Defendants operate addiction recovery facilities under the trade names or brands of, *inter alia*, All In Solutions Counseling Center and Janes Way Sober Living, providing psychiatric, outpatient counseling, and sober living services to its clients.

12. The Defendants operate their business out of in-patient and out-patient facilities located in Boynton Beach, Florida, and Cherry Hill, New Jersey.

13. The Defendants' compendium of services and program descriptions are collectively described on a common internet website, which allows internet visitors to navigate to, among other information, the "Connect With Our Facilities," "Meet the Team," and "Our Philosophy" areas of the Defendants' website.

14. The Defendants share a common management based in Boynton Beach, Florida.

15. The Defendants maintain common financial records in Boynton Beach, Florida.

16. On or about April 5, 2018 the Company and the Defendants entered into the Agreement.

17. Pursuant to the Agreement, the Defendants retained the Company as their financial advisor to perform the professional services set forth in the Agreement (the "Services").

18. In consideration of the Services, the Defendants agreed to pay the Company on an hourly basis for the time spent by Company professionals on the Defendants' behalf, at agreed upon hourly rates stated in the Agreement.

19.     The Defendants agreed that the Company would invoice them bi-weekly for Services, and that the amounts due under such invoices would be due and payable by the Defendants upon presentation.

20.     The Defendants agreed to indemnify and hold the Company harmless from and against any and all losses, claims, damages, or liabilities to which the Company becomes subject arising in any manner out of or in connection with the rendering of Services under the Agreement.

21.     The Defendants agreed to waive any right to a jury trial in any lawsuit, action, or other proceeding arising out of or related to the Agreement.

22.     Between April 2018 and October 2020 (the "Service Period"), the Company, through one or more of its professionals assigned from time to time to the Defendants' engagement, performed Services for the Defendants at cost under the Agreement.  The Company continued to consult with and advise the Defendants from time to time thereafter at no cost as a professional courtesy.

23.     During the Service Period the Company issued periodic invoices to the Defendants detailing the hours spent, and the Services performed by the Company.

24.     The total amount invoiced by the Company for Services performed for the Defendants during the Service Period was approximately $1,282,796.56.

25.     The total amount the Defendants paid to the Company for Services performed during the Service Period was approximately $897,467.57.

26.     The total due and owing to the Company from the Defendants for Services performed during the Service Period, exclusive of interest and costs, is no less than $385,328.99.

27. On one or more occasions the Company made demand upon the Defendants for payment of the amounts due and owing to the Company for Services performed.

28. The Defendants have unjustifiably failed, or otherwise refused to make payment to the Company of the amounts due and owing to the Company for Services performed.

29. On April 29, 2020 an agent of the Defendants contacted the Company concerning the payment of the amounts due to the Company, and, without disputing any of the amounts due, and further admitting the Defendants' payment to the Company was overdue, stated that the Defendants had unilaterally placed a hold on all payables.

30. The Defendants hold no claims, defenses, or rights of setoff or recoupment justifying their failure and refusal to make payment to the Company of the amounts due and owing for Services performed.

31. The total amount immediately due absolutely and without condition by the Defendants to the Company for Services is no less than $385,328.99.

### *Count I*
### *Breach of Contract*

32. The Company repeats and incorporates by reference the allegations in Paragraphs 1 through 31 as if the same were fully set forth at length herein.

33. The Agreement constitutes a valid, binding, enforceable, and fully integrated contract between and among the Company and the Defendants.

34. The Agreement set forth the material terms agreed upon by the Company and the Defendants and their respective rights, duties, and obligations.

35. At no time did the Company repudiate the Agreement.

36. At no time did the Defendants repudiate the Agreement.

37. The Company agreed to perform Services for the Defendants on an hourly basis at agreed upon hourly rates.

38. The Company performed the Services requested by the Defendants under the terms set forth in the Agreement.

39. The Defendants agreed to pay the Company for the Services on an hourly basis at agreed upon hourly rates.

40. The Defendants agreed that the Company would invoice them bi-weekly, and that the Defendants would pay the Company the amounts due under such invoices on presentation by the Company.

41. The Company has invoiced the Defendants for all amounts due from the Defendants for Services, which invoices the Defendants have unjustifiably failed or otherwise refused to pay.

42. The full amounts invoiced by the Company to the Defendants for Services are immediately due and payable to the Company.

43. The Defendants have unjustifiably failed, or otherwise refused, despite notice, and demand to make full payment to the Company of all amounts due under the Agreement for Services.

44. The Defendants' failure or refusal to make full payment to the Company of all amounts due under the Agreement for Services constitutes a material breach of the Agreement that has caused the Company to sustain damages in an amount to be proven at trial.

45. In the Agreement the Defendants agreed to indemnify and hold the Company harmless from and against any and all losses, claims, damages, or liabilities to which the

Company becomes subject arising in any manner out of or in connection with the rendering of Services under the Agreement.

46. In addition to the unpaid amounts due for Services under the Agreement, the Company has sustained additional losses for which it is entitled to be indemnified by the Defendants in an amount to be proven at trial, including, without limitation, its attorneys' fees and costs incurred in this civil action and in the collection of any judgment it may take against the Defendants.

47. The Defendants' material breach of the Agreement directly and proximately caused the Company to suffer damages and other losses.

48. The Company is entitled to a money judgment against the Defendants for its damages and other losses in an amount to be proven at trial.

### *Count II*
### *Quantum Meruit*

49. The Company repeats and incorporates by reference the allegations in Paragraphs 1 through 48 as if the same were fully set forth at length herein.

50. The Company's performance of the Services for the Defendants on credit conferred one or more benefit upon the Defendants.

51. The Company's performed the Services for the Defendants with an expectation of receiving payment for the Services from the Defendants.

52. The Defendants allowed the Company to perform the Services for the Defendants with the knowledge of the Company's expectation of receiving payment for the Services from the Defendants.

53. As a direct and proximate result of the unjustifiable failure or refusal of the Defendants to pay the Company for the Services, the Defendants have been unjustly enriched in an amount to be determined by this court after a trial of the merits.

54. The Company is entitled to restitution from the Defendants in an amount equal to the fair value of the Services.

### *Count III*
### *Preliminary Injunction*

55. The Company repeats and incorporates by reference the allegations in Paragraphs 1 through 54 as if the same were fully set forth at length herein.

56. There exists a high probability that the Company will succeed on the merits of this civil action.

57. The Defendants are attempting to, or are otherwise in the process of negotiating a sale of all, or substantially all of their assets as a going concern.

58. The Defendants plan to sell all, or substantially all of their assets as a going concern within the next thirty to forty-five days.

59. The Company will suffer irreparable harm absent the grant of a preliminary injunction enjoining the Defendants from making any transfers of their assets, or encumbering or otherwise alienating their assets pending the outcome of this civil action.

60. A sale by the Defendants of all, or substantially all of their assets as a going concern before the conclusion of this civil action will leave the Company without an adequate remedy at law.

61. The balance of the relevant equities weighs in favor of granting the Company a preliminary injunction enjoining the Defendants from making any transfers of their assets, or encumbering or otherwise alienating their assets pending the outcome of this civil action.

53. As a direct and proximate result of the unjustifiable failure or refusal of the Defendants to pay the Company for the Services, the Defendants have been unjustly enriched in an amount to be determined by this court after a trial of the merits.

54. The Company is entitled to restitution from the Defendants in an amount equal to the fair value of the Services.

### *Count III*
### *Preliminary Injunction*

55. The Company repeats and incorporates by reference the allegations in Paragraphs 1 through 54 as if the same were fully set forth at length herein.

56. There exists a high probability that the Company will succeed on the merits of this civil action.

57. The Defendants are attempting to, or are otherwise in the process of negotiating a sale of all, or substantially all of their assets as a going concern.

58. The Defendants plan to sell all, or substantially all of their assets as a going concern within the next thirty to forty-five days.

59. The Company will suffer irreparable harm absent the grant of a preliminary injunction enjoining the Defendants from making any transfers of their assets, or encumbering or otherwise alienating their assets pending the outcome of this civil action.

60. A sale by the Defendants of all, or substantially all of their assets as a going concern before the conclusion of this civil action will leave the Company without an adequate remedy at law.

61. The balance of the relevant equities weighs in favor of granting the Company a preliminary injunction enjoining the Defendants from making any transfers of their assets, or encumbering or otherwise alienating their assets pending the outcome of this civil action.

62. The effect of the Court granting the Company a preliminary injunction enjoining the Defendants from making any transfers of their assets, or encumbering or otherwise alienating their assets pending the outcome of this civil action is consistent with the public interest.

63. Upon information and belief, there is no insurance available to satisfy the Company's claims against the Defendants.

64. The Company is entitled to a preliminary injunction enjoining the Defendants from making any transfers of their assets, or encumbering or otherwise alienating their assets pending the outcome of this civil action.

**WHEREFORE,** the Company demands judgment in its favor as follows:

i. issuing a preliminary injunction enjoining the Defendants and others from making any transfers of their assets, or encumbering or otherwise alienating their assets pending the outcome of this civil action;

ii. awarding the Company damages for the Defendants' material breach of the Agreement;

iii. awarding the Company restitution in the amount of the fair value of the Services;

iv. awarding the Company its indemnified losses, including, without limitation, all attorneys' fees and other costs incurred in connection with this civil action; and

v. granting to the Company such other and further relief as the court deems proper and just.

CRS CAPSTONE PARTNERS LLC,

By its attorneys,

/s/ Michael J. Fencer
Michael J. Fencer (BBO No. 648288)
Michael A. Bednarz (BBO No. 689047)
CASNER & EDWARDS LLP
303 Congress Street
Boston, Massachusetts  02210
T:  617-426-5900
F:  617-426-8810
E:  fencer@casneredwards.com

Dated:  May 8, 2020